In the Matter of ANDREW P. TIVOLI, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 16, 1991

### APPEARANCES OF COUNSEL

*Robert H. Straus (Vincent J. Carroll, Jr.,* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained the four

allegations of professional misconduct against the respondent. The petitioner moved to confirm the report of the Special Referee. The respondent failed to submit any response or opposition thereto.

Charge One alleges that the respondent failed to deposit client funds into an escrow account. On or about February 12, 1986, the respondent entered into an agreement with a client, pursuant to which $10,000 belonging to the client was to be deposited into an escrow account maintained by the respondent's firm, Tivoli & Brigandi. On or about March 20, 1986, the respondent was given $10,000 in cash. The respondent failed to deposit those funds into his firm's escrow account or into any identifiable bank account.

Charge Two alleges that the respondent converted the $10,000 to his own use and benefit.

Charge Three alleges that the respondent submitted a deliberately false and misleading answer to the Grievance Committee. By letter dated October 19, 1988, the respondent, in answer to a complaint filed by his client, falsely stated that he had "immediately placed [the $10,000 in cash] in [his] safe deposit box at Barclays Bank * * * where it remained until May or June of 1988, when [he] switched boxes, and placed it in the new box, where it remains today".

Charge Four alleges that the respondent gave deliberately false and misleading testimony at the office of the Grievance Committee on January 6, 1989. Specifically, the respondent falsely testified that he had accepted the $10,000 in cash from his client, and had placed it in his safe-deposit box the next day, where it remained at the time of his testimony.

After reviewing all of the evidence, including testimony by an employee of the United States Treasury that a number of the bills which the respondent claims he deposited in the safety deposit box on or about March 21, 1986, were not in circulation in New York until after March 1986, we are in agreement with the report of the Special Referee sustaining all four charges of professional misconduct. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., BRACKEN, KUNZEMAN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Andrew P. Tivoli, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Andrew P. Tivoli is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.